IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN BOYD, on behalf of himself and others similarly situated, | § | CIVIL ACTION NO. ____________ |
| *Plaintiff,* | § | JURY TRIAL DEMANDED |
| v. | § | |
| MEAT HEAD BROTHERS CORPORATION, and SEAN O'BRYAN, | § | COLLECTIVE ACTION |
| *Defendants.* | § | |

**COLLECTIVE ACTION COMPLAINT**

1. Meat Head Brothers Corporation ("Meat Head Brothers"), an industrial demolition and recycling company, and Sean O'Bryan (collectively "Defendants"), are violating the Fair Labor Standards Act ("FLSA") by forcing Plaintiff Stephen Boyd (hereinafter "Mr. Boyd" or "Plaintiff") and similarly situated workers, to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2. Plaintiff worked for Defendants as a laborer and was damaged by those illegal policies or practices. In short, Mr. Boyd was denied the timely overtime compensation he was due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former laborers to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## I. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the areas of Markham and Bridgeview, Illinois. 28 U. S. C. § 1391(b)(2).

## II. THE PARTIES

5. Plaintiff worked as a laborer for Defendants. He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA. Plaintiff Stephen Boyd's FLSA consent is attached as Exhibit A.

6. The FLSA class of similarly situated employees consists of all current and former laborers who were employed by Defendants during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Meat Head Brothers Corporation is a domestic for-profit corporation with a principal place of business at 7831 W. 73rd St., Bridgeview, Illinois 60455 which is engaged in commerce in the United States and is otherwise subject to the FLSA. Meat Head Brothers employed Plaintiff and Members of the Class within the meaning of the FLSA. Meat Head Brothers may be served with process by serving its Registered Agent, Legalinc Corporate Services at 200 E. Randolph St., Suite 5100, Chicago, Illinois 60601.

8. Defendant Sean O'Bryan is the owner and principal of Defendant Meat Head Brothers. Defendant O'Bryan is an individual residing in Chicago, Illinois. Defendant O'Bryan, upon information and belief, possessed control over Meat Head Brothers' actual operations in a

manner that directly related to Plaintiff's employment and that of those similarly situated to Plaintiff. Defendant O'Bryan directly affected employment-related factors such as workplace conditions and/or operation, personnel, and/or compensation. Defendant O'Bryan may be served with process at 6058 S. Natoma Ave, Chicago, Illinois 60638.

## III. BACKGROUND

9. The preceding paragraphs are incorporated by reference.

10. Defendants describe their business as an "on-call general labor contracting company" that specializes in industrial demolition and recycling. Defendants provide numerous demolition and recycling services that include but are not limited to, asset relocations, industrial/residential clean-outs, excavation services, water remediation, and various removal services. Defendants employ laborers to provide these services, as well as work at their recycling center, separating the materials, and working on machinery.

11. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per workweek. However, Defendants did not pay Plaintiff and the Class overtime compensation at one and one-half times their regular rates for all hours worked in excess of 40 each week. Instead, Defendants only paid their laborers straight-time pay (no overtime) for all hours worked, including the hours working in excess of 40 hours in a workweek. As a result, Defendants failed to properly compensate their employees under the FLSA.

## IV. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

### *A. Defendants Failed to Properly Pay Regular and Overtime Compensation.*

12. The preceding paragraphs are incorporated by reference.

13. Plaintiff worked for Defendants as a laborer, where he recycled trash, separated materials, and worked on machinery at Defendants' recycling facility. During his employment,

Plaintiff frequently worked six days during a workweek, approximately 10 hours a day. In a workweek, Plaintiff often worked approximately 60 hours or more.

14. Defendants paid Plaintiff a set hourly rate for all hours worked in a workweek, and Plaintiff was paid on a weekly basis. For the hours worked in excess of 40 hours per week, Defendants paid Plaintiff his straight-time rate, rather than one and one-half times his regular rate.

15. The FLSA and applicable regulations require Defendants to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at 1.5 times Plaintiff's regular rate of pay for each hour Plaintiff worked in excess of 40 hours per week. Defendants should have paid Plaintiff overtime compensation for at least 20 hours or more in a typical workweek, but Defendants failed to pay Plaintiff properly in accordance with the FLSA.

16. By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

***B. Defendants Willfully Violated the FLSA.***

17. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Defendants failed to follow these rules when paying Plaintiff.

18. Defendants have or had a policy and/or practice of not paying their employees the proper rate for overtime they worked; instead Defendants paid them their regular rate for all hours worked, with no overtime premium for hours worked over 40 in a workweek as required under the

FLSA. Defendants should have paid their employees overtime compensation at 1.5 times their regular rates for all hours worked in excess of 40 hours per workweek.

19. Defendants know or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

20. The preceding paragraphs are incorporated by reference.

21. Plaintiff is aware that Defendants' illegal pay policies or practices have been imposed upon Members of the Class. Like Plaintiff, Members of the Class are employed by Defendants as laborers, who perform(ed) the same duties as Plaintiff, as described above. As with Plaintiff, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

22. Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

23. Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice of Defendants to pay their employees for less than all the overtime hours that such workers are suffered or permitted to work. As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

24. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former Laborers who were employed by Defendants during the three-year period preceding the filing of this complaint.**

25. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

26. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI. CAUSES OF ACTION

27. The preceding paragraphs are incorporated by reference.

28. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the FLSA Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to properly compensate for overtime hours, as described above. 29 U.S.C. §§ 206, 207.

29. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207, 216 (b).

30. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages. 29 U.S.C. § 216(b).

31. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. *Id*.

## VII. JURY DEMAND

32. Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Defendants Meat Head Brothers Corporation and Sean O'Bryan for:

1. damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiff and Members of the Class;

2. damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

3. an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the Class;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 1st day of May 2020.

Respectfully submitted,

THE GORI LAW FIRM, P.C.

By: */s/ Erin L. Beavers*
Erin L. Beavers, #6276139
Attorneys for Plaintiff
156 N. Main St.
Edwardsville, IL 62025
Phone: (618) 659-9833
Fax: (618) 659-9834
erin@gorilaw.com

and

BAILEY COWAN HECKAMAN PLLC
By: */s/ Robert W. Cowan*
Robert W. Cowan
Texas Bar No. 24031976
*(Pro Hac Vice to be requested)*
Katie R. Caminati
Texas Bar No. 24098079
*(Pro Hac Vice to be requested)*
5555 San Felipe St., Suite 900
Houston, Texas 77056
Phone: 713-425-7100
Fax: 713-425-7101
rcowan@bchlaw.com
kcaminati@bchlaw.com
***Attorneys for Plaintiff***